ALD-189                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2161
_____

IN RE: AARON CORBIN MAZIE,
                                                                      Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed August 6, 2025)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Aaron Mazie seeks a writ of mandamus relating to the issuance of

a bench warrant by the New Jersey Superior Court, Chancery Division, Morris County.

In his petition, Mazie asks us to direct the Superior Court to vacate the bench warrant, to

adjudicate his motion for reconsideration, and to declare improper and void a May 2024

hearing. We decline to issue the requested writ.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Under 28 U.S.C. § 1651, we have the authority to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Traditionally, we issue such writs only "as the means to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981) (cleaned up).

To the extent that Mazie asks us to direct the state court to take action, we lack authority to grant such relief. See In re Richards, 213 F.3d 773, 781 (3d Cir. 2000) (explaining that federal courts of appeal ordinarily "lack appellate jurisdiction over their state counterparts, thus making writs of mandamus generally inappropriate").

For these reasons, we will deny the mandamus petition.[1]

---

[1] To the extent Mazie's petition seeks additional relief, it is denied. He has also filed various motions in this Court. To the extent the motions seek to compel adjudication of his IFP application, they are moot because IFP status has been granted. To the extent the motions make supplementary claims and seek additional relief, they are denied.